IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-290-NJR |
| | ) | |
| | ) | |
| WARDEN THOMPSON, PERCY MYERS, | ) | |
| ROB JEFFREYS, NURSE BILLIE, | ) | |
| JOHN/JANE DOE #1 (MEDICAL | ) | |
| DIRECTOR), TRAVIS BAYLER, | ) | |
| JOHN/JANE DOE #2 (TRANSFER | ) | |
| COORDINATOR), and WEXFORD | ) | |
| HEALTH SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony Williams, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville"). In the Complaint, Plaintiff alleges Defendants were deliberately indifferent in treating his ear after surgery. He asserts claims under the Eighth Amendment and seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint:  On August 14, 2019, Plaintiff had surgery on his left ear and the surgeon informed him that he would have to return in ten days to have the stitches removed (Doc. 1, p. 9). Dr. Myers and John Doe #1 Medical Director failed to follow that order for a follow-up. Wexford also failed to approve his follow-up with the surgeon (*Id.* at pp. 11 and 13). As a result, Plaintiff developed an infection at the surgical site (*Id.* at p. 11). While cleaning Plaintiff's stitches, Nurse Billie broke some of the stitches (*Id*. at p. 10). She did not provide him with any care for the wound, and although she said she would refer him to Dr. Myers, Plaintiff never saw Dr. Myers (*Id.* at pp. 10 and 12).

On September 4, 2019, Plaintiff was transferred to Illinois River Correctional Center for a court hearing and was informed by staff there that he should not have been transferred due to his medical hold and infected wound (*Id.* at p. 10). Plaintiff alleges that Rob Jeffreys, Warden Thompson, and John Doe #2 Transfer Coordinator were deliberately indifferent in transferring Plaintiff despite his medical hold and infection (*Id.* at p. 12). The transfer also caused a delay in his follow-up appointment (*Id*.). Plaintiff wrote grievances about his care, but the grievances were denied by Travis Bayler and Rob Jeffreys (*Id*. at pp. 11-12). On September 12, 2019, Plaintiff finally saw the surgeon and learned that he had developed a staph infection in the wound (*Id*. at p. 10).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Percy Myers, Rob Jeffreys, Nurse Billie, John/Jane Doe #1 Medical Director, Travis Bayler, and Wexford Health Services were deliberately indifferent under the Eighth Amendment in treating Plaintiff's ear after surgery.**
>
> **Count 2:** **Warden Thompson, Rob Jeffreys, and John/Jane Doe #2 Transfer Coordinator were deliberately indifferent under the Eighth Amendment in transferring Plaintiff while on a medical hold.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Count 1

At this stage, Plaintiff states a viable claim for deliberate indifference against Percy Myers, Nurse Billie, and John/Jane Doe #1 Medical Director. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

To the extent that Plaintiff alleges that Wexford was deliberately indifferent in delaying his follow-up appointment, Wexford cannot be liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to point to any policy or practice of Wexford that resulted in a delay in his follow-up appointment. Instead, he alleges that they failed to approve his appointment, which is not enough. The claim against Wexford is **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Travis Bayler and Rob Jeffreys. Plaintiff alleges that they denied his grievances regarding his medical care. The denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that they denied his grievances, the claim against them is also **DISMISSED without prejudice**.

### Count 2

Plaintiff also states a claim for deliberate indifferent against Warden Thompson, Rob Jeffreys, and John/Jane Doe #2 Transfer Coordinator. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

### John Does

Rob Jeffreys, as current director of IDOC, also will remain in the case in his official capacity for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motions

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he is unable to contact attorneys because he does not have enough funds to purchase postage. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

For the reasons stated above, Count 1 shall proceed against Percy Myers, Nurse Billie, and John/Jane Doe #1 Medical Director, but is **DISMISSED without prejudice** as to Travis Bayler, Rob Jeffreys, and Wexford Health Services. The Clerk is **DIRECTED** to **TERMINATE** Travis Bayler and Wexford Health Services from the docket. Count 2 shall proceed against Warden Thompson, Rob Jeffreys, and John/Jane Doe #2 Transfer Coordinator.

The Clerk of Court shall prepare for Defendants Percy Myers, Nurse Billie, John/Jane Doe #1 Medical Director, Warden Thompson, Rob Jeffreys, and John/Jane Doe #2 Transfer Coordinator: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. The Court **DENIES as moot** Plaintiff's motion to serve parties (Doc. 7).

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/8/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**