IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-290-SMY |
| | ) |
| PERCY MYERS, BILLY JO FIKUART, | ) |
| and WEXFORD HEALTH SOURCES, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anthony Williams filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at the Pinckneyville Correctional Center (Doc. 60). Specifically, he alleges that Defendants Myers and Fikuart were deliberately indifferent to his medical needs following ear surgery (Count I) and that Defendant Wexford Health Sources, Inc., maintained an unconstitutional policy and practice of delaying approval for follow-up medical care (Count II).[1]

Now pending before the Court is Defendants Percy Myers and Billy Jo Fikuart's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 59). Williams filed a response (Doc. 106). Based upon the undisputed material facts in the written submissions of the parties, the Court finds that a hearing on the motion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is unnecessary. For the following reasons, the Motion for Summary Judgment is **GRANTED in part and DENIED in part**.

---

[1] Wexford was added to this lawsuit by operation of the Second Amended Complaint (Doc. 107) and filed a Motion to Dismiss (Doc. 115) that will be addressed by separate order. Wexford has not joined the motion for summary judgment.

**Factual Findings**

The following facts are undisputed. Plaintiff Anthony Williams underwent surgery on his left ear on August 14, 2019. He was transferred to Illinois River Correctional Center on September 4, 2019. While at Illinois River, he submitted a grievance regarding follow up care after his surgery on September 13, 2019 (Doc. 60-1, p. 26). In the grievance, Williams complained that he was directed to have a follow up visit within 8-10 days of his surgery, that Pinckneyville staff did not send him for his follow up visit, and that he had not seen a doctor since his surgery (*Id*.). He also complained that since arriving at Illinois River, the stitches in his left ear broke, that he still could not hear with that ear, that he suffered from headaches, and that medical staff at Illinois River had done nothing to help him (*Id*. 26-27). He stated that his surgeon was Dr. Prateek Strinet and that the medical director at Pinckenyville, who was in "medical violation," was Dr. Myers (*Id*. 27). He sought damages for "Pinckneyville's negligence" (*Id*. 28). The grievance form that Williams used instructed him to provide "the names or identifying information for each person involved" and directed him to send grievances about "issues from another facility except personal property issues" directly to the Administrative Review Board ("ARB") (*Id*. 26). The ARB received the grievance on September 20, 2019 and responded that Williams should have grieved "medical issues" by sending a grievance to his counselor at his current facility, regardless of where it occurred (*Id*. 25).

Williams then submitted a grievance dated September 29, 2019 to Big Muddy River Correctional Center (where he was housed at the time) and checked a box indicating that he was grieving medical treatment at Pinckneyville (*Id*. 23). In the body of the grievance, he stated that he should not have been transferred to Illinois River and Big Muddy because he had a medical hold from Pinckneyville (*Id*.). He further stated that the transfers prevented him from receiving

follow up care and caused a staph infection, pain, and suffering (*Id*. 23-4). The grievance was denied by his counselor on October 4, 2019 (*Id*.). The grievance officer recommended that the grievance be denied because transfer decisions cannot be grieved and the health care unit indicated that he had received appropriate medical care (*Id*. 22). Big Muddy's warden concurred on November 20, 2019 (*Id*.) and the Acting Director of the Illinois Department of Corrections concurred with the ARB's recommendation that the grievance be denied on December 11, 2019 (*Id*. 21). Williams filed this case on March 18, 2020 (Doc. 1).

## Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 742. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey*, 663 F.3d at 903. To properly exhaust administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Strict adherence to the exhaustion requirement is required. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

An inmate in the custody of the Illinois Department of Corrections ("IDOC") must follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL ADMIN. CODE § 504.800, *et seq*. The inmate is required to file a grievance with the counselor within 60 days of the discovery of an incident, occurrence, or problem. 20 ILL ADMIN. CODE §

504.810(a). The grievance must contain factual details regarding each aspect of the prisoner's complaint, including what happened, when, where, and the name of the person who is the subject of the complaint, and, if the prisoner does not know the name, they must describe such person with as much detail as possible. 20 ILL ADMIN. CODE § 504.810(c). If the complaint is not resolved through a counselor, the grievance may be submitted to a grievance officer who must render a written recommendation to the Chief Administrative Officer ("CAO"). 20 ILL ADMIN. CODE § 504.830(e). The CAO then advises the inmate of the final decision on the grievance. *Id.*

If not satisfied with the decision of the CAO, an inmate may appeal to the ARB. 20 ILL ADMIN. CODE § 504.850(a); *see also Dole*, 438 F.3d at 806-07. The appeal must be received by the ARB within 30 days after the date of the CAO's decision. 20 ILL ADMIN. CODE § 504.850(a). The inmate must attach copies of the Grievance Officer's report and the CAO's decision to his appeal. *Id.* The ARB will submit a written report of its findings and recommendations to the IDOC Director who shall review the same and make a final determination. 20 ILL ADMIN. CODE § 504.850(d) and (e). The Administrative Code allows an inmate to submit a grievance directly to the ARB in certain limited circumstances; protective custody placement, involuntary psychotropic medication, and disciplinary or other issues that arose at a facility other than the facility where the prisoner is currently housed. 20 ILL ADMIN. CODE § 504.870.

Defendants' main argument is that Williams did not exhaust his administrative remedies because the September 13, 2019 grievance was sent to the ARB instead of to Williams' counselor. At the time Williams submitted the grievance, the Administrative Code directed that it be submitted to his counselor. However, the form Williams used directed him to submit the grievance directly to the ARB. Although "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006),

the PLRA "does not invite prison and jail staff to pose guessing games for prisoners." *Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016). Providing an inmate with a form that is contrary to the Administrative Code invites such a guessing game and should not inure to the inmate's detriment.[2] The September 13, 2019 grievance named Myers as being in "medical violation" and stated that Williams had not been seen by a doctor since his surgery. As such, the grievance is sufficient to exhaust Williams' administrative remedies as to his deliberate indifference claim against Myers.

Defendants also argue that the September 13, 2019 grievance is insufficient to exhaust Williams' administrative remedies as to Fikuart because it did not name her, provide any information as to her identity, and did not specifically state that he had "issues at Pinckneyville with his stitches, insufficient wound care, or issues with a nurse" (Doc. 60, p. 7). Grievances are not meant to mirror Complaints filed in federal court, nor is a plaintiff required to set forth every theory of relief that he may present in a Complaint or to identify every defendant later sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). However, grievances must provide the prison with "a fair opportunity to address his complaint." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Williams did not identify Fikuart or any nurse at Pinckneyville in the grievance. While he generally stated that "Pinckneyville" was negligent in his care and treatment following surgery and described the symptoms that he endured after his transfer, he did not attribute his condition to any act or omission by Fikuart. As such, the grievance fails to exhaust administrative remedies as to Fikuart. *See Roberts v. Neal*, 745 F.3d 232, 235-6 (7th Cir. 2014) (discussing a grievance that wholly failed to name a nurse and any action by the nurse, who was later named in the Complaint); *Knox v. Rhodes*, 2010 WL 3937389 (S.D. Ill. 2010) (finding that reference to "prison official

---

[2] Williams provided an affidavit indicating that he was unaware that the Administrative Code directed him to submit this grievance to his counselor (Doc. 106-1, p. 3).

staffs" in general was insufficient to identify the defendants in that case). *See also Ambrose v. Godinez*, 510 Fed.Appx. 470 (7th Cir. 2013) (affirming judgment where defendants were not named in the grievances by "name or inference").

## Conclusion

For the foregoing reasons, Defendants Myers and Fikuart's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 59) is **GRANTED in part and DENIED in part**.[3]  The claim against Fikuart in Count I of the Second Amended Complaint (Doc. 107) is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  August 16, 2021**

**STACI M. YANDLE**
**United States District Judge**

---

[3] Defendants' Motion to File Reply Brief (Doc. 110) is **DENIED**, and the reply brief (Doc. 111) is **STRICKEN**.