**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTHONY WILLIAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-290-SMY |
| ) | |
| WARDEN SCOTT THOMPSON et al, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Wexford Health Sources, Inc.'s Motion to Strike or Dismiss Plaintiff's Second Amended Complaint (Doc. 115). Plaintiff Anthony Williams responded in opposition (Doc. 118). For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiff Anthony Williams filed an initial *pro se* Complaint on March 18, 2021, alleging that Wexford Health Services, Inc. ("Wexford") failed to approve follow-up care for the removal of non-dissolvable stitches following ear surgery on August 14, 2019 (Doc. 1). More specifically, he alleged that the prison staff could "only take inmates for outside services if Wexford approves," that Wexford "failed to approve" his follow-up appointment following his initial surgery, that Wexford "failed to authorize the institution to take [Plaintiff] to the follow-up after the initial surgery within the amount of time Dr. Srinet ordered", and that Wexford's failure to approve his post-surgical care ultimately resulted in an infection and hospitalization (*Id.*).

Based upon its initial merit review conducted pursuant to 28 U.S.C. § 1915A, the Court dismissed Williams' claim against Wexford without prejudice, finding that Williams had failed to

allege a specific Wexford policy or practice that resulted in the delay of his follow-up appointment:

> [t]o the extent that Plaintiff alleges that Wexford was deliberately indifferent in delaying his follow-up appointment, Wexford cannot be liable on the basis of respondeat superior, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to point to any policy or practice of Wexford that resulted in a delay in his follow-up appointment. Instead, he alleges that they failed to approve his appointment, which is not enough.

(Doc. 8 at 3).

Williams, now represented, filed a Second Amended Complaint (Doc. 107) adding new claims against Wexford.

Wexford moves to dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). It argues that Williams attempts to lodge deliberate indifference failure to provide medical care and deliberate indifference *Monell* claims against Wexford, but that he fails to state colorable claims.

## DISCUSSION

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

 To state a viable deliberate indifference claim, a prisoner must allege "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A private corporation may only be held liable under §1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015). Thus, to state a § 1983 claim against a private corporation, a plaintiff must sufficiently plead that that the violation was caused by (1) an express corporate policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. *Monell,* 436 U.S. at 690–91, 98.

Wexford argues that Williams again seeks to hold it liable based on respondent superior for failing to complete a form fast enough to approve his follow-up appointment. The Court disagrees. Williams specifically alleges that: Wexford was contracted by the Illinois Department of Corrections ("IDOC") to provide health care services to inmates at Pinckneyville Correction Center (Doc. 107 ¶¶ 4, 74); under its contract, Wexford has authority to approve outside medical appointments for inmates (*Id*. at ¶ 75); Wexford has a policy and practice of delaying the approval of follow-up treatment to inmates (*Id*. at ¶¶ 82,93); Wexford had knowledge that its policy and practice of delaying follow-up treatment to inmates could result in serious medical harm to inmates in need of treatment (*Id*. at ¶ 91); and Wexford's policy and practice of delaying approval of prescribed medical treatment deprived Williams of his constitutional rights and caused him

physical harm.  These allegations are sufficient to state a constitutional violation by Wexford under *Monell*.

## CONCLUSION

For the foregoing reasons, Defendant's Rule 12(b)(6) motion is **DENIED**.  The stay on discovery in this matter is now **LIFTED**.  Plaintiff's motions for status (Docs. 128, 129) are **TERMINATED** as **MOOT**.

A telephonic status conference is scheduled for December 9, 2022 at 1:30 p.m.  The instructions for joining the conference call are as follows:  All parties should call toll free 877-873-8017 and enter access code 4354777.

**IT IS SO ORDERED.**

**DATED:  December 2, 2022**

**STACI M. YANDLE**
**United States District Judge**