IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WILLIAMS, #R08856, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-290-SMY |
| | ) |
| PERCY MYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

On July 17, 2023, this Court ordered the Plaintiff to respond to all outstanding written discovery by August 16, 2023 and produce himself for his deposition by September 15, 2023 (Doc. 142). The Defendants filed a Second Motion to Dismiss for Lack of Prosecution when Plaintiff failed to comply with this order (Doc. 143). On October 11, 2023, this Court entered an Order to Show Cause requiring the Plaintiff to Show Cause on or before October 25, 2023, why he had not complied with this Court's July 17, 2023 order or face dismissal for want of prosecution (Doc. 144). Plaintiff has not responded to the Court's Order to Show Cause.

Accordingly, this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **TERMINATED AS MOOT** and all future dates are **VACATED**.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

Dated: October 26, 2023

*[signature]*

**STACI M. YANDLE**
**United States District Judge**